WALT TEIS SMITH, *Trustee, et al.*, v. THE PARRY
MANUFACTURING COMPANY.

**No. 788.*** ( 61 Pac. 966.)

1. EVIDENCE — *Demurrer Properly Overruled.*   The record examined, and *held*, that the action of the trial court in overruling the demurrer to the plaintiff's evidence finds support in the proved facts.

2. ——— *Admissions of Parties — Depositions in Another Action.*   Depositions of two of the defendants, taken in another action to which they were parties, and the plaintiff not a party, were introduced and read as admissions of such defendants, notwithstanding they were called as witnesses at the trial.  *Held*, not error.   (*Moore v. Brown*, 23 Kan. 270.)

---

*Petition for order to certify denied by supreme court September 22, 1900.—REP.

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed July 31, 1900. Affirmed.

*Pollock & Lafferty,* for plaintiffs in error.
*J. E. Torrance,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: The defendant in error obtained a judgment against the plaintiffs in error setting aside a mortgage executed by G. J. Ferguson conveying to Walt T. Smith, as trustee for the Pekin Plow Company and T. & H. Smith & Co., two Illinois corporations, a fractional eighty-acre tract of land in Cowley county, to secure the payment of two promissory notes aggregating $1111.41, made by Ferguson and delivered by him to Smith, as trustee, the payee therein. Ferguson was indebted to the defendant in error herein at and prior to the time the said mortgage and notes were given, and thereafter judgment was obtained by defendant in error against Ferguson upon that indebtedness. In the present action defendant in error sought to set aside said mortgage on the ground that the same was given and received for the purpose of hindering, delaying and defrauding the creditors of Ferguson, the petition alleging that he was not anywise indebted to the corporations represented by Smith as trustee.

The defendants demurred to the evidence introduced by the plaintiff, and, the demurrer being overruled, they declined to introduce any evidence. The court thereupon, over the objection of the defendants, made findings of fact and conclusions of law, and entered judgment in favor of the plaintiff in accordance with the prayer of the petition.

Smith v. Parry.

A careful examination of the record leads to the conclusion that the action of the trial court in over-ruling the demurrer to the evidence and in entering judgment for the plaintiff finds sufficient support in the facts proved.  We think the conduct of the defendants, who procured and received the mortgage which secured an indebtedness greater by more than forty per cent. than that actually due them from the mortgagor, needed other and further explanation than that appearing in the record.

On the trial the plaintiff, over the objection of the defendants, was permitted to identify and introduce in evidence the depositions of the defendants Ferguson and Walt T. Smith, which were taken in an action wherein O. A. Pratt was plaintiff and the defendants in the present action were parties defendant, notwithstanding the fact that Ferguson and Smith were present in court and were called as witnesses by the plaintiff.  The depositions were part of the files of the court and were properly identified as such by the clerk.  They were also identified by the deponents themselves.  The depositions were offered and read as the written admissions of the defendants Ferguson and Smith.  It was not error to permit them to be read in evidence.  (*Moore v. Brown*, 23 Kan. 270.)

As to the introduction of the files in the Pratt case, we hold that the error, if any, was immaterial, since such files did not tend to prove any issue in the present case, and seemingly contained nothing detrimental to the interests of the defendant.  The judgment of the district court is affirmed.